Filed 12/12/24  P. v. Wilson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C100354 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF04114) |
| v. | |
| LEONARD ANTIONE WILSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Leonard Antione Wilson filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable errors on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm.

BACKGROUND

In August 2021, defendant's mother kicked him out of her home.  Defendant asked his mother's 69-year-old neighbor Jane Doe if he could store some of his belongings in

1

her backyard; she agreed. Jane Doe left her backyard gate open for defendant but her dog got out of the yard and defecated at the front door of the apartment belonging to defendant's mother. Upset, defendant went into Jane Doe's backyard and began yelling.

Defendant threatened to kill Jane Doe's dog. He showed her his arm tattoos yelling, " 'I've been to prison they don't give these (tattoos) to anybody!' " Then he punched Jane Doe in the face twice while threatening to kill her. Jane Doe fought back and was able to get into her apartment, but defendant broke through her screen door and grabbed her by the throat. Defendant ordered Jane Doe to go upstairs; afraid for her life, Jane Doe complied. As they walked up the stairs, defendant again grabbed Jane Doe by the throat. He again threatened to kill her.

Once upstairs, defendant ordered Jane Doe to go into her bedroom and she complied. Inside Jane Doe's bedroom, defendant raped her. While raping her, defendant asked Jane Doe if she wanted him to stop. Terrified that he would kill her, Jane Doe said, "No." While defendant was raping Jane Doe, law enforcement arrived at the front door of the apartment. Jane Doe told defendant she was experiencing pain and needed Vaseline. Defendant allowed her to leave the bedroom and Jane Doe used the opportunity to run down the stairs as the officers were entering her apartment.

Defendant was arrested and subsequently charged with numerous felonies, including forcible rape (Pen. Code, § 261, subd. (a)(2)).[1] The People also alleged defendant was twice previously convicted of strike offenses (§§ 667, subds. (b)-(j), 1170.12) and that two of defendant's crimes, including the rape, were committed against an elder adult (§ 1203.09, subds. (a) & (b)).

Initially, defendant pleaded not guilty by reason of insanity. Defendant later withdrew that plea to enter a plea of no contest to forcible rape and admitted the two prior

---

[1] Undesignated section references are to the Penal Code.

2

strike convictions. Defendant also stipulated to a term of 25 years to life in state prison. In exchange for his plea, the People moved to dismiss the remaining charges and allegations with a *Harvey*[2] waiver.

At sentencing, the trial court refused to strike either of defendant's prior strike convictions, finding "defendant appears to sit squarely within the three-strikes law." The court considered recent changes to section 1385, subdivision (c), and found its provisions inapplicable to a sentence imposed pursuant to the Three Strikes law. However, the court also ruled that if the recent changes did apply, the court still would not strike the prior strike convictions because to do so would endanger public safety. The court also refused to place defendant on probation. The court sentenced defendant to a term of 25 years to life in state prison, in accordance with his plea agreement.

The trial court ordered defendant to pay various fines and fees and reserved jurisdiction on the issue of direct victim restitution. The court awarded defendant 1,020 days of custody credit. Defendant appeals without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

## DISPOSITION

The judgment is affirmed.


_____\s\_____,
Krause, J.


We concur:


_____\s\_____,
Hull, Acting P. J.


_____\s\_____,
Mesiwala, J.